# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CITIZENS TRUST BANK,** | } |
| **Plaintiff,** | } |
| v. | }   Case No.:  2:09-CV-2141-RDP |
| **CLINTON HARRIS, JR.,** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Motion for Entry of Default Judgment (Doc. #11), filed February 19, 2010.  For the reasons outlined below, the Motion is due to be granted.

**I.     PROCEDURAL HISTORY**

On October 21, 2009, Plaintiff filed this lawsuit.  (Doc. #1).  On the same day, Plaintiff requested service by certified mail pursuant to Federal Rule of Civil Procedure 4(e)(1) and Alabama Rule of Civil Procedure 4(i)(2).  (Doc. #2).  The Clerk of Court sent a copy of the Complaint and Summons to Defendant via certified mail.  (Doc. #4).  The mail, however, was returned as "unclaimed." (Doc. #5).  On November 30, 2009, Plaintiff attempted to obtain Defendant's waiver of service.  (Doc. #6).  Defendant refused to waive service of process.  (Doc. #9 at 2).

Accordingly, upon Plaintiff's request, the Clerk of Court issued an alias summons on January 11, 2010.  (Doc. #7).  On January 20, 2010, Plaintiff served Defendant by leaving a copy of the Summons and Complaint with Defendant's wife, Alicia Harris, at their home.  (Doc. #8).  Beginning with the date of service, Defendant was permitted twenty-one days to answer or otherwise respond to Plaintiff's Complaint (*i.e.*, Defendant's answer or Rule 12 motion was due on or before February 11, 2010).  (Doc. #8).  Defendant never answered or responded to Plaintiff's Complaint.

Accordingly, on February 16, 2010, Plaintiff filed a motion for entry of default. (Doc. #9). On the following day, the Clerk of Court entered Defendant's default. (Doc. #10). On February 19, 2010, Plaintiff filed the instant Motion requesting the court to enter final judgment by default against Defendant and in favor of Plaintiff. (Doc. #11).

## II.    STATEMENT OF FACTS

In exchange for a line of credit, Defendant executed a Note in favor of Plaintiff for the principal sum of $175,000.00 in addition to interest at the rate of 1% per annum plus the prime rate posted by *The Wall Street Journal*. (Doc. #1 ¶ 4). According to the terms of the Note, on or before October 19, 2005, Defendant was obligated to repay the principal balance and all accrued and unpaid interest thereon. (Doc. #1 Ex. ¶ 2). In the event of default, Defendant agreed to pay Plaintiff's costs and attorney's fees incurred as a result of collection efforts. (Doc. #1 Ex. ¶ 10(b)).

Defendant, however, breached the Note and failed to make the required repayments. (Doc. #1 ¶ 8). As of October 21, 2009, as a result of the breach, Defendant owed to Plaintiff $210,022.21 plus interest at a rate of $23.82 per day thereafter. (Doc. #1 ¶ 9). As of February 19, 2010 when Plaintiff filed the present Motion, Defendant owed to Plaintiff $215,820.20, which reflected principal plus interest. (Doc. #11 at 3). And as of July 20, 2010, *i.e.*, the date of this decision, Defendant owes to Plaintiff $219,491.01, which reflects principal plus $24.31[1] in interest per day since February 19, 2010.

---

[1] The interest rate is calculated on an annual basis, which accounts for the 2009 daily interest charge of $23.82 versus the 2010 daily interest charge of $24.31. (Doc. #1 Ex. ¶ 1; Doc. #11 at 6).

## III.     DISCUSSION

Plaintiff seeks a Rule 55(b) default judgment against Defendant for monetary damages in the amount of $219,491.01.  Rule 55(b) states in relevant part:

> (b)     Entering a Default Judgment.
>
> (1)     By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2)     By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

FED. R. CIV. P. 55(b).  Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[2] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned.  This practice is applicable even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum

---

[2]Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  FED. R. CIV. P. 55(a).

certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and against Defendant is proper because all the requirements for Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted affidavit testimony establishing that Defendant is not an infant or incompetent person and has failed to make payments owed pursuant to a contractual obligation despite Plaintiff's compliance with its reciprocal contractual obligation. (Doc. #5 at 2; Doc. #11 at 5-6). Upon default, the well-pleaded allegations of a complaint are taken as true. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because Defendant has previously been declared in default, his liability is established because the well-pleaded allegations substantiate Plaintiff's breach of contract claim. The affidavit testimony indicates that the monetary damages sought by Plaintiff are for a sum certain or for a sum which can by computation be made certain: the principal amount in addition to late fees and contractual interest as of July 20, 2010 totals $219,491.01. Accordingly, as to this amount, Rule 55(b)(1) – and not Rule 55(b)(2) – governs this case. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is unnecessary, and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." FED. R. CIV. P. 55(b)(1); *see also U.S. Artist Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.").

Finally, Plaintiff requests court costs and its attorney's fee. According to the Note, "[Defendant] agrees that if, and as often as, this Note is given to an attorney for collection . . .,

[Defendant] will pay to [Plaintiff] its attorneys' fees, together with all court costs and other expenses paid or incurred by [Plaintiff]."  (Doc. #11 at 9 ¶ 8).  Therefore, costs, including the costs of service efforts, are due to be taxed against Defendant.

Plaintiff's request for an attorney's fee award, however, is unliquidated.  Specifically, Plaintiff requests 15% of the total amount due on the Note.  (Doc. #11 at 3).  As quoted above, however, the Note neither fixes the attorney's fee nor sets a method for calculation.  (Doc. #11 at 9 ¶ 8).  Consequently, this component of Plaintiff's request is governed by Rule 55(b)(2) – not Rule 55(b)(1).[3]

The parties agreed for the Note to "be governed and controlled as to interpretation, enforcement, validity, construction, effect and in all other respects by the laws, statutes and decisions of the State of Alabama . . . ."  (Doc. #11 at 10 ¶ 11).  Because the issue of a fee award amounts to an issue of contractual interpretation, the court applies Alabama substantive law.  *See, e.g.*, *GE Commercial Fin. Bus. Prop. Corp. v. Heard*, 621 F. Supp. 2d 1305, 1309 (M.D. Ga. 2009).  Under Alabama law, although the Note obligates Defendant to pay Plaintiff's attorney's fees, the right to payment does not empower Plaintiff, or Plaintiff's counsel, to set an unreasonable fee or a fee without judicial approval.  *King v. Calvert & Marsh Coal Co.*, 362 So. 2d 889, 893 (Ala. 1978).

In the affidavit of Daniel J. Hughlett, who is the Collection and Recovery Manager for Plaintiff, he states that an attorney's fee equaling 15% of the total debt owed by Defendant to Plaintiff is reasonable.  (Doc. #11, Ex. B at 2-3).  In addition to the Hughlett Affidavit, based on

---

[3]Although the attorney's fee request is governed by Rule 55(b)(2) rather than Rule 55(b)(1), a hearing, based on the present record, is unnecessary.  According to the Eleventh Circuit, "[a]n evidentiary hearing is not a per se requirement; indeed, Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone."  *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (citation omitted).  A court is required to hold a hearing only if necessary "to a fully informed determination of damages."  *Id.*  Here, however, the court has sufficient evidence and experience to evaluate Plaintiff's fee request – a hearing would not appreciably alter the court's determination.

experience with comparable fee requests in similar cases, the court finds that 15% is a reasonable attorney's fee under these circumstances. *See, e.g.*, *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Therefore, Plaintiff is entitled to recover against Defendant 15% of the total debt as additional compensation for attorney's fees.

### IV.   CONCLUSION

Based upon the court's review of the affidavit testimony and the relevant case law, Plaintiff's request for the entry of a final default judgment against Defendant is due to be granted, and Plaintiff is due to recover from Defendant the total sum of $219,491.01 (*i.e.*, principal plus late fees and interest as of July 20, 2010). Costs are due to be taxed against Defendant. Finally, Plaintiff's request for attorney's fees in the amount of 15% of the total debt is due to be granted. The court will enter a final default judgment in favor of Plaintiff and against Defendant that is consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this ____20th____ day of July, 2010.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE